IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARMILLA TATEL, et al.,  )
  )
Plaintiffs,  )
  )  Civil Action No.: 2:22-cv-837
v.  )
  )  Judge Joy Flowers Conti
MT. LEBANON SCHOOL DISTRICT;  )
et al,  )
  )
Defendants.  )

## DEFENDANTS' MOTION FOR RECONSIDERATION PURSUANT TO FED.R.CIV.P. 54(b)

Defendants, Mt. Lebanon School District ("District"), Megan Williams ("Williams"), Dr. Timothy Steinhauer (Steinhauer"), Dr. Marybeth Irvin ("Irvin"), Brett Bielewicz ("Bielewicz"), and Jacob W. Wyland ("Wyland"), (collectively, "Defendants"), by and through their attorneys, Tucker Arensberg, P.C., submit this Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

I.     **Introduction**

1.     On October 27, 2022, this Honorable Court issued an Order (Doc. #37), that, *inter alia*, that partially DENIED Defendants' Motions to Dismiss (Doc. ## 14, 16) as follows:

   a.  **Count I** (Substantive Due Process), **Count II** (Procedural Due Process) and **Count IV** (Free Exercise and Equal Protection) against Mt. Lebanon School District ("District"), Megan Williams ("Williams"), Dr. Timothy Steinhauer ("Steinhauer"), Dr. Marybeth Irvin ("Irvin") and Jacob Wyland ("Wyland");

   b.  **Count III** (Familial Privacy) against the District and Williams; and

   c.  **Count VI** (Declaratory Judgment) against the District.

2.     Defendants request that the Court reconsider its Order and then dismiss the Complaint with prejudice and grant qualified immunity to the remaining Individual Defendants.

II.     **Standard of Review**

   **A. Motion for Reconsideration**

   3.     The appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b). <u>Nyamekye v. Mitsubishi Electric Power Products, Inc.</u>, 2018 WL 3933504, at *2 (W.D. Pa. Aug. 16, 2018).  The Court may revise any such orders "at any time" before entry of a judgment adjudicating all the claims. Fed. R. Civ. P. 54(b).

   4.     Reconsideration of interlocutory orders "may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or the 'need to correct a clear error of law or fact or to prevent manifest injustice.'" <u>Nyamekye,</u> 2018 WL 3933504, at *3.

   5.     A finding of clear error is appropriate when the record supports "'the definite and firm conviction that a mistake has been committed.'" <u>Patrick v. FirstEnergy Generation Corp.</u>, CIV.A. 08-1025, 2014 WL 5463885, at *2 (W.D. Pa. Oct. 27, 2014).

   **B. Qualified Immunity**

   6.     "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." <u>Ashcroft v. al-Kidd</u>, 563 U.S. 731, 735 (2011).

   7.     Clearly-established law "must be 'particularized' to the facts of the case," and cautioned that the fact that a case presents a unique set of facts and circumstances is an "important indication" that a defendant's conduct at issue did not violate a "clearly established" right. <u>See</u> <u>id.</u> at 552. <u>White v. Pauly</u>, 580 U.S. 73, 137 S. Ct. 548, 553 (2017).

### III.   Argument

#### A.  Counts I and II: Substantive and Procedural Due Process - Parental Rights

##### 1.  Plaintiffs Do Not Have a Fundamental Right to Notice of District Instruction or to Opt-Out from Such Instruction

###### a.  Third Circuit Precedent Establishes that Parents Have No Right to Notice of Instruction or to Exempt their Child from Instruction

8.      Defendants respectfully contend that this Honorable Court clearly erred in holding that Plaintiffs have a fundamental right to expect that the Defendants will not expose their children to lessons on gender identity topics against the parents' instructions because parents have no constitutional right to remove their child from instruction.  (Doc. #38, p. 35).

9.      The Plaintiffs do not allege that <u>they</u> instructed the Defendants not to expose their children to these lessons.  Instead, this allegation relates to "one group of parents" who are not the Plaintiffs.  (Doc. #1, ¶¶ 87, 88).  Accordingly, to the extent this Court found that the Defendants provided the instruction "over the objection of the Parents [Plaintiffs]," this was a clear error of fact. (<u>See</u> Doc. #38, pp. 6, 8, 34, 39, 41, 42).

10.     The Third Circuit agrees with the holdings from other Circuit Courts that the parental right to control the upbringing of a child <u>must</u> give way to a school's ability to control curriculum and the school environment.  <u>C.N. v. Ridgewood Bd. of Educ.</u>, 430 F.3d 159, 182–83 (3d Cir. 2005) (emphasis added); <u>see</u> <u>also</u> <u>Combs v. Homer-Center School Dist.</u>, 540 F.3d 231, 248, n. 24 (3d Cir.  2008) ("Federal courts addressing the issue have held that parents have no right to exempt their child from certain subjects, reading assignments, community-service requirements or assembly programs they find objectionable.").

11.     When challenged actions are "not neatly tied to considerations of curriculum or educational environment," the Third Circuit analyzes whether the alleged action struck "at the

heart of parental decision-making authority on matters of the greatest importance" or whether the actions "although perhaps unwise and offensive, are not of constitutional dimension." <u>C.N.</u>, 430 F.3d. at 183, 184.

12.     To state a claim, Plaintiffs' must allege "deprived them of their right to make decisions concerning their child," and not when the action merely "complicated the making and implementation of those decisions." <u>J.S. ex rel. Snyder v. Blue Mt. Sch. Dist.</u>, 650 F.3d 915, 934 (3d Cir. 2011).

### b. The First Circuit's Holding in <u>Parker</u> is consistent with Third Circuit Precedent and there is no Circuit Split on the Issues Facing this Court

13.     This Honorable Court committed clear error when it misinterpreted <u>Parker v. Hurley</u>, 514 F.3d 87, 102 (1st Cir. 2008) and determined that it was not persuasive authority.

14.     The <u>Parker</u> Court relied heavily on the Third Circuit's <u>C.N</u>. decision, including for the proposition that exposure to offensive topics at school does not strike at the heart of parental authority because it does not inhibit parents from instructing their children differently.  <u>Parker</u>, 514 F.3d at 105–06 (quoting <u>C.N.</u>, 430 F.3d at 185).

15.     In addition, the Third Circuit has subsequently cited <u>Parker</u> as persuasive authority for the proposition parents have no right to exempt their child from certain subjects, reading assignments, community-service requirements or assembly programs they find objectionable. <u>Combs</u>, at 248, n. 24.

16.     This Honorable Court incorrectly stated that the parents in <u>Parker</u> had notice about the books and that the books did not "endorse gay marriage or homosexuality."  (Doc # 38, p. 37; Doc. #28, p. 23); <u>Parker</u>, 514 F.3d. at 90, 92-93, 106.

17.     Accordingly, the factual background in <u>Parker</u> is analogous to the claims in the Complaint and this Honorable Court committed clear error when it determined that <u>Parker</u> was materially distinguishable from the present case.

    **c.   Counts I and II of the Complaint Must Be Dismissed**

18.     Based on the above precedent, Parents have no constitutional right to exempt their children from classroom lessons, including those on transgender issues. <u>See</u>., <u>e.g.</u> <u>Combs</u>, <u>Id</u>., at 248, n. 24.

19.     Even the allegations are not "neatly tied to the educational environment," Counts I and II must still be dismissed because such alleged conduct, though possibly ill-advised and offensive, does not strike at the heart of parental decision-making.  <u>J.S.</u>, 650 F.3d at 934; <u>C.N.</u>, 430 F.3d at 185.

20.     Accordingly, the Court committed clear error in not dismissing Counts I and II and should reconsider its order.

    **d.   Williams, Bielewicz, Steinhauer, Irvin and Wyland are Entitled to Qualified Immunity**

21.     In the present case, this Honorable Court committed clear error when it held that <u>Gruenke</u> and <u>C.N.</u> put Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland on notice that their conduct "plausibly" infringes the Plaintiffs' Due Process and Free Exercise rights.  (Doc. #38, p. 51).

22.     <u>C.N.</u> and <u>Gruenke</u> do not put the Defendants on notice that their conduct violated any parental rights.  In fact, the holding in <u>C.N.</u> and the holdings in other Circuit Court decisions supports Defendants' position that their conduct did not violate any parental rights.

23.     On the other hand, <u>Gruenke</u> (swim coach involved in a student's pregnancy) involves a completely different set of facts and could not provide any of the Defendants with the requisite notice.

24.     Accordingly, this Honorable Court committed clear error in not granting the Individual Defendants qualified immunity.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Dismiss the Complaint with prejudice.

**B.  Count III - Familial Privacy**

    **1.  Plaintiffs' Right to Familial Privacy was not Violated by the Defendants**

25.     Count III of the Complaint, like Counts I and II, is based on the Defendants teaching lessons on transgender issues without providing notice and opt-out rights.  (<u>See</u> Doc. #1, ¶ 129).

26.     Plaintiffs' familial privacy claims are duplicative of their substantive due process parental right's claims.  <u>Compare</u> <u>C.N.</u>, 430 F.3d at 184 <u>with</u> (Doc. #38, pp. 45-46).

27.     In allowing this claim to proceed, the Court concluded that the Complaint alleges an agenda to encourage young children to believe their parents could be wrong about their gender and an intrusion by Williams, with the permission of the District, into the values being conveyed within the family.

28.     However, these allegations do not plausibly allege a scenario where Plaintiffs were deprived of their ability to discuss this matter with their children and inculcate them with their beliefs and morals. <u>C.N.</u>, 430 F.3d at 185; <u>see also</u> <u>Pittsley v. Warish</u>, 927 F.2d 3, 8 (1st Cir. 1991).

29.    Accordingly, the Court committed clear error in not dismissing Count III of the Complaint.

### 2. Williams is Entitled to Qualified Immunity

30.    As acknowledged by this Court, the "contours of the right to familial privacy are not well defined. . . ." (Doc. #38, p. 46).

31.    Accordingly, the Court committed a clear error by not granting Williams immunity.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Dismiss the Complaint with prejudice.

### C. Count IV - Free Exercise of Religion

### 1. The Defendants have not Significantly Burdened Plaintiff's Free Exercise of Religion

33.    In the Opinion, the Court committed a clear error by analyzing whether the District's policies were neutral before analyzing whether the Complaint established that Plaintiff's religious beliefs were burdened by the Defendants.  (Doc. #38, pp. 46-47; (Doc. #28, pp. 22-23)). Washington v. Klem, 497 F.3d 272, 278 (3d Cir. 2007) (a substantial burden exists when a follower is forced "to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion in order to accept work, on the other hand.").

34.    Moreover, the government must be informed of the belief before it can burden it. Anspach ex rel. Anspach v. City of Philadelphia, Dept. of Pub. Health, 503 F.3d 256, 273 (3d Cir. 2007).

35.     In the present case, there are no allegations that Plaintiffs informed any Defendant of their religious beliefs or that any Defendant coerced any student into violating their religious beliefs or that any student had been punished for exercising their religious freedom.

36.     As for assertions that Williams attempted to indoctrinate the Plaintiff students, Williams' conduct does not amount to indoctrination.

37.     As for the Plaintiff parents, their claims are duplicative of their due process claims and should be dismissed for the same reasons.

38.     Accordingly, the Court committed clear error in not dismissing Count IV of the Complaint.

**2. Williams is Entitled to Qualified Immunity**

39.     Based on the allegations in the Compliant, Williams did not interfere with any Plaintiffs' exercise of religion.

40.     To the extent this Court holds otherwise, Williams is entitled to qualified immunity from this claim because such rights are not clearly established.

41.     This Honorable Court committed a clear error by not granting Williams qualified immunity.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Dismiss the Complaint with prejudice.

### D.  Count IV - Equal Protection

42.     An equal protection claim can be brought by a "class of one" where the plaintiff alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

### 1.  Plaintiffs Do Not Allege Intentional Discrimination

43.     The Complaint demonstrates that there was no intent to discriminate against Plaintiffs.  (Doc. #1, ¶¶ 98, 101).

44.     Accordingly, the Complaint does not plausibly allege that the Defendants intentionally discriminated against the Plaintiffs.

45.     Accordingly, the Court committed clear error in not dismissing Count IV of the Complaint.

### 2.  Plaintiffs Fail to Allege that They Were Treated Differently to Others Similarly Situated

46.     The Court also erred in concluding that Plaintiffs alleged that they were treated differently from others similarly situated.

47.     In this case, Plaintiffs concede that they have been treated exactly the same as other parents with children in Ms. Williams' class.  Plaintiffs' write: "Defendants' refusal - . . . - to provide opt out rights to Plaintiffs (**and other parents**) related to teaching gender dysphoria and transgender transitioning . . . while providing it with regard to certain historical and scientific subjects . . . . violates the Equal Protection Clause." (Doc. # 28, pp. 23-24; Doc. #1, ¶ 145) (emphasis added).

48.     Accordingly, the Court committed clear error in not dismissing Count IV of the Complaint.

### 3.  Individual Defendants are Entitled to Qualified Immunity

49.     In its Opinion, the Court acknowledged that it "did not find any decisions recognizing an Equal Protection claim under similar facts." (Doc. #38, p. 49).

50.     Nevertheless, it did not grant the Individual Defendants qualified immunity.

51.     Based on the standards for granting qualified immunity, this was clear error and the Individual Defendants should be granted qualified immunity.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Dismiss the Complaint with prejudice.


### E.  Count VI - Declaratory Judgement

52.     Count VI of the Complaint is brought under the Declaratory Judgment Act which does not provide a standalone basis for federal subject-matter jurisdiction. (Doc. #1, ¶ 31); Allen v. DeBello, 861 F.3d 433, 444 n.57 (3d Cir. 2017).

53.     Accordingly, if the federal claims are dismissed, this Court would not have jurisdiction to evaluate the state law claims mentioned in Count VI, which are not pleaded as separate counts.  See e..g., Heriveaux v. Durkin & Durkin LLC, CV1813148KMMAH, 2020 WL 487290, at *9 (D.N.J. Jan. 30, 2020).

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Dismiss the Complaint with prejudice.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Christopher L. Voltz*
Christopher L. Voltz
PA I.D. #200704
cvoltz@tuckerlaw.com

Thomas P. Peterson
Pa. I.D. #32624
tpeterson@tuckerlaw.com

Matthew M. Hoffman
Pa. I.D. #43949
mhoffman@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Dated: November 16, 2022                    Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2022, I have filed electronically the foregoing Motion for Reconsideration with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorney(s) of record addressed as follows:

> David J. Berardinelli, Esquire
> DEFOREST KOSCELNIK & BERARDINELLI
> 436 Seventh Ave., 30th Fl.
> Pittsburgh, PA  15219
> Phone:  412-227-3100
> Fax:    412-227-3130
> Email:  berardinelli@deforestlawfirm.com

Respectfully submitted,

*/s/ Christopher L. Voltz*
Christopher L. Voltz
PA I.D. #200704
cvoltz@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Attorneys for Defendants

TADMS:11275433-2 032545-194804