IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMILLA TATEL, et al., | ) |
| Plaintiffs, | ) |
| | ) Civil Action No.: 2:22-cv-837 |
| v. | ) |
| | ) Judge Joy Flowers Conti |
| MT. LEBANON SCHOOL DISTRICT; et al, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO AMEND JUDGMENT
PURSUANT TO FED.R.CIV.P. 59(e)**

Defendants, Megan Williams ("Williams"), Dr. Timothy Steinhauer (Steinhauer"), Dr. Marybeth Irvin ("Irvin"), Brett Bielewicz ("Bielewicz"), and Jacob W. Wyland ("Wyland"), (collectively, "Defendants"), by and through their attorneys, Tucker Arensberg, P.C., submit this Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**I.      Introduction**

1. On October 27, 2022, this Honorable Court issued an Order (Doc. #37), that, *inter alia*, that partially DENIED Defendants' Motions to Dismiss (Doc. ## 14, 16) as follows:

    a. **Count I** (Substantive Due Process), **Count II** (Procedural Due Process) and **Count IV** (Free Exercise and Equal Protection) against Mt. Lebanon School District ("District"), Megan Williams ("Williams"), Brett Bielewicz ("Bielewicz"), Dr. Timothy Steinhauer ("Steinhauer"), Dr. Marybeth Irvin ("Irvin") and Jacob Wyland ("Wyland");

    b. **Count III** (Familial Privacy) against the District and Williams; and

    c. **Count VI** (Declaratory Judgment) against the District.

2. On November 16, 2022, Defendants filed a Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and supporting brief seeking, *inter alia*, the

Court to reconsider its Order denying qualified immunity to Defendants Williams, Steinhauer, Bielewicz, Irvin and Wyland.

3. However, because "[d]enial of a qualified immunity claim is ... appealable at once," the Court's denial of the Defendants' motion to dismiss with respect to Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland may also constitutes a judgment for purposes of Rule 59(e). Freeman v. Fallin, 310 F. Supp. 2d 11, 14 (D.D.C. 2004).

4. Accordingly, in addition to requesting that this Honorable Court reconsider its Order pursuant to Rule 54(b), Defendants hereby clarify that they are requesting that this Honorable Court reconsider its Order denying qualified immunity to Defendants Williams, Steinhauer, Bielewicz, Irvin and Wyland pursuant to Rules 54(b) and 59(e) of the Federal Rules of Civil Procedure.

**II.    Standard of Review**

**A. Motion for Reconsideration under Rule 59(e)**

5. Rule 59(e) permits the filing of a motion to alter or amend a judgment. Stanley v. Tice, 3:22-CV-1, 2022 WL 3372122, at *1 (W.D. Pa. July 13, 2022) (quoting United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003)).

6. A judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.

7. In their Motion to Reconsider Pursuant to Rule 54(b) and Supporting Brief, the Defendant's argued that the Order should be reconsidered, including the portion relating to the denial of qualified immunity, to correct clear errors of law and/or fact. (See Doc. #42, pp. 9-15).

8. Accordingly, while this Motion explicitly requests that the Court review its Order denying qualified immunity to the remaining individual Defendants pursuant to Rule 59(e), the arguments for doing so are identical to those set forth in Defendants' previous Motion and the standards for granting relief are substantially identical.

## III. Argument

### A. This Court's Order Denying Qualified Immunity is a Final Judgment or Order Pursuant under Rules 59(e) of the Federal Rules of Civil Procedure

9. The Supreme Court has stated that a district court's "order rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment stage is a 'final' judgment subject to immediate appeal." Behrens v. Pelletier, 516 U.S. 299, 307 (1996) (quoting Mitchell v. Forsyth, 472 U.S. 511 (1985)); James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

10. Federal courts have consistently held that an order denying qualified immunity is a judgment that may be challenged pursuant to Rule 59(e).  See Fed.R.Civ.P. 54(a) (defining "judgment" as "any order from which an appeal lies"); Springer v. Albin, 398 Fed. Appx. 427, 432–33 (10th Cir. 2010)(unpublished)

11. Therefore, the Court's Order (Doc. #37) denying qualified immunity to Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland is a final order or judgement subject to challenge under Rule 59(e).

12. Accordingly, Defendants respectfully request that this Honorable Court reconsider its Order denying qualified immunity pursuant to Rule 54(b) and Rule 59(e) of the Federal Rules of Civil Procedure.

### B. Counts I and II (Substantive and Procedural Due Process): Williams, Bielewicz, Steinhauer, Irvin and Wyland are Entitled to Qualified Immunity

3

13. Defendants incorporate by reference their Motion for Reconsideration Pursuant to Rule 54(b) (Doc. #41) and the arguments set forth in its supporting brief (Doc. #42).

14. Parents have no constitutional right to exempt their children from classroom lessons, including those on transgender issues. <u>See</u>., <u>e.g</u>. <u>Combs v. Homer-Ctr. Sch. Dist.</u>, 540 F.3d 231, 248, n. 24 (3d Cir. 2008) ("Federal courts addressing the issue have held that parents have no right to exempt their child from certain subjects, reading assignments, community-service requirements or assembly programs they find objectionable.")

15. Moreover, even if the allegations are not "neatly tied to the educational environment," the alleged conduct, though possibly ill-advised and offensive, does not strike at the heart of parental decision-making. <u>J.S. ex rel. Snyder v. Blue Mt. Sch. Dist.</u>, 650 F.3d 915, 934 (3d Cir. 2011); <u>C.N. v. Ridgewood Bd. of Educ.</u>, 430 F.3d 159, 185 (3d Cir. 2005).

16. Accordingly, this Honorable Court committed clear error when it held that Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland infringed upon the Plaintiffs' Due Process rights.

17. Alternatively, this Honorable Court committed clear error when it held that <u>Gruenke v. Seip</u>, 225 F.3d 290 (3d Cir.2000) and <u>C.N.</u> put Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland on notice that their conduct "plausibly" infringes the Plaintiffs' Due Process and Free Exercise rights. (Doc. #38, p. 51).

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and grant qualified immunity to Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland with respect to Counts I and II.

### C. Count III (Familial Privacy) - Williams is Entitled to Qualified Immunity

18. Defendants incorporate by reference their Motion for Reconsideration Pursuant to Rule 54(b) (Doc. #41) and the arguments set forth in their supporting brief (Doc. #42).

19. The allegations in the Complaint do not plausibly allege a scenario where Plaintiffs were deprived of their ability to discuss the objected to instruction with their children and inculcate them with their beliefs and morals. C.N., 430 F.3d at 185; see also Pittsley v. Warish, 927 F.2d 3, 8 (1st Cir. 1991).

20. Accordingly, the Court committed clear error in concluding that any Defendant infringed on Plaintiffs' rights to familial privacy.

21. Moreover, the Court committed a clear error by not granting Williams qualified immunity to Count III of the Complaint because, as acknowledged by this Court, the "contours of the right to familial privacy are not well defined. . . ." (Doc. #38, p. 46).

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and grant qualified immunity to Defendant Williams with respect to Count III.

### D. Count IV (Free Exercise) - Williams, Bielewicz, Steinhauer, Irvin and Wyland are Entitled to Qualified Immunity

22. Defendants incorporate by reference their Motion for Reconsideration Pursuant to Rule 54(b) (Doc. #41) and the arguments set forth in their supporting brief (Doc. #42).

23. The Complaint fails to allege that any Defendant violated Plaintiffs' free exercise rights because Plaintiffs never informed any Defendant of their religious beliefs, the Complaint does not plausibly allege that any Defendant coerced any student into violating their religious beliefs, and the Complaint does not allege that any student had been punished for exercising their religious freedom.

24. To the extent this Court holds otherwise, such rights were not clearly defined and Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland are entitled to qualified immunity from this claim.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and grant qualified immunity to Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland with respect to the Free Exercise claim in Count IV.

### E. Count IV - Equal Protection

25. Defendants incorporate by reference their Motion for Reconsideration Pursuant to Rule 54(b) (Doc. #41) and the arguments set forth in their supporting brief (Doc. #42).

26. The Equal Protection claim must fail because the Complaint demonstrates that there was no intent to discriminate against Plaintiffs. (Doc. #1, ¶¶ 98, 101).

27. Moreover, the Complaint demonstrates that Plaintiffs have been treated exactly the same as other parents with children in Ms. Williams' class (i.e., persons similarly situated in all relevant aspects). Plaintiffs' write: "Defendants' refusal - . . . - to provide opt out rights to Plaintiffs (**and other parents**) related to teaching gender dysphoria and transgender transitioning . . . while providing it with regard to certain historical and scientific subjects . . . . violates the Equal Protection Clause." (Doc. # 28, pp. 23-24; Doc. #1, ¶ 145) (emphasis added).

28. Accordingly, the individual Defendants did not infringe upon Plaintiffs' equal protection rights.

29. Moreover, in its Opinion, the Court acknowledged that it "did not find any decisions recognizing an Equal Protection claim under similar facts." (Doc. #38, p. 49).

30. Therefore, Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland are entitled to qualified immunity from this claim because, as acknowledged by this Court, such rights are not clearly established.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants' Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and grant qualified immunity to Defendants Williams, Bielewicz, Steinhauer, Irvin and Wyland with respect to the Equal Protection claim in Count IV.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Christopher L. Voltz*
Christopher L. Voltz
PA I.D. #200704
cvoltz@tuckerlaw.com

Thomas P. Peterson
Pa. I.D. #32624
tpeterson@tuckerlaw.com

Matthew M. Hoffman
Pa. I.D. #43949
mhoffman@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Dated: November 25, 2022                              Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November 2022, I have filed electronically the foregoing Motion to Amend Judgment with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorney(s) of record addressed as follows:

> David J. Berardinelli, Esquire
> DEFOREST KOSCELNIK & BERARDINELLI
> 436 Seventh Ave., 30th Fl.
> Pittsburgh, PA  15219
> Phone:  412-227-3100
> Fax:    412-227-3130
> Email:  berardinelli@deforestlawfirm.com

Respectfully submitted,

*/s/ Christopher L. Voltz*
Christopher L. Voltz
PA I.D. #200704
cvoltz@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Attorneys for Defendants

TADMS:11283117-1 032545-194804