IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARMILLA TATEL, ETC., ET AL.**, | ) CIVIL ACTION NO. **22-837** |
| Plaintiffs, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **MT. LEBANON SCHOOL DISTRICT, ET AL.,** | ) |
| Defendants. | ) |

# **OPINION**

Introduction

    This case involves the extent of parents' constitutional rights when a public school permits a teacher to inculcate the teacher's beliefs about transgender topics in first-grade students over the objections of their parents.  Pending before the court is a motion in limine ("MIL") to preclude the parents from testifying about statements their children made to them (ECF No. 63), with brief in support, filed by the remaining defendants:  Mt. Lebanon School District (the "District"), Megan Williams ("Williams"), Dr. Timothy Steinhauer (Steinhauer"), Dr. Marybeth Irvin ("Irvin"), Brett Bielewicz ("Bielewicz"), and Jacob W. Wyland ("Wyland") (collectively, "Defendants").  Plaintiffs Carmilla Tatel, Stacy Dunn and Gretchen Melton (collectively, "Plaintiffs" or the "Parents")  filed a response in opposition to the MIL (ECF No. 70), with exhibits.  Defendants filed a reply (ECF No. 74) and Plaintiffs filed a surreply (ECF No. 78).  On November 14, 2023, the court held an oral argument on the motion.  The motion is ripe for decision.

Factual and Procedural Background

The parents allege violations of their constitutional rights by a first-grade teacher, administrators, school board members and the district arising from: (1) the teacher's agenda to expose students to transgender topics; and (2) adoption of a de facto policy to not provide notice and opt out rights to parents.  Fact discovery was completed on July 11, 2023.  Mediation was unsuccessful.  Both sides expressed an intent to file summary judgment motions, but disagreed on the admissibility of statements made by students to their parents.  The court explained that the factual record must be finalized before summary judgment can be decided.

Plaintiffs filed a declaration of the evidence they intend to present (ECF No. 62) (underlying documents not included) and Defendants filed the pending MIL.  The motion is fully briefed.  At the hearing held on November 14, 2023, he court advised that on the record before it, the motion would need to be granted unless Plaintiffs agreed to the depositions of their children with appropriate protective conditions for the children.[1]  The court provided Plaintiffs' counsel time to consult with Plaintiffs to determine whether depositions of the children would take place.  Plaintiffs filed a notice that they elected not to allow depositions of the children (ECF No. 82).  The court, therefore, formalizes its ruling on the pending MIL.  Summary judgment motions must be filed by January 12, 2024.

---

[1] *See, e.g., T.B. by & through Bursch v. Indep. Sch. Dist. 112*, No. CV 19-2414, 2021 WL 7367136, at *6 (D. Minn. Jan. 8, 2021); *Hamilton v. Southland Christian Sch., Inc.*, No. 610CV871, 2011 WL 13143561, at *3 (M.D. Fla. Apr. 18, 2011); *Gray v. Howlett Lumber Co.*, No. 051645A, 2007 WL 2705748, at *1 (Mass. Super. Aug. 9, 2007).

Discussion

The MIL seeks to preclude consideration of evidence at the summary judgment stage, not trial. In most cases, the court can consider the hearsay statements at summary judgment because the witnesses could be produced to testify at trial. In *Walton v. Westmoreland County*, No. CV 21-860, 2023 WL 5278694 (W.D. Pa. Aug. 16, 2023), the court recently explained:

> the rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial. In ruling on a motion for summary judgment, the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial. The proponent need only explain the admissible form that is anticipated. *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016) (quotations omitted).

*Id.* at *1; *see also* Fed. R. Civ. P. 56(c)(2).

In this case, however, because Plaintiffs elected to prevent Defendants from deposing their children, those children will not be permitted to testify at trial. The court, therefore, must make a decision about the admissibility of testimony from the Parents about what the children told them.

A basic distinction must be made between the claims against Williams and the claims based on the de facto policy. With respect to the claims against Williams, Plaintiffs offer the statements of the children for the "truth of the matter" (i.e., that Williams made the statements to the children at issue in this case).[2] By contrast, the de facto policy claims are based on the interactions between the Parents and the school and the children's statements merely provide context and background. The admissibility of the testimony at issue must be analyzed separately with respect to Plaintiffs' legal theories.

---

[2] The court is aware that certain aides testified about some of the in-class conduct alleged against Williams.

A. Claims against Williams

Plaintiffs recognize that parents testifying about out-of-court statements made to the parents by their children may implicate Federal Rule of Evidence 802, the rule against hearsay. The general rule is that children must be made available to testify at a deposition (with appropriate protective conditions). *See, e.g., T.B. by & through Bursch*, 2021 WL 7367136 at *5 (allowing deposition of 9-year-old child alleging race discrimination in school where parents did not meet their burden to show that the child's emotional recovery would be impacted if he sat for a deposition); *Halley v. State of Okla.*, No. 14-CV-562-JHP, 2016 WL 4995393, at *2 (E.D. Okla. Sept. 19, 2016). In this case, Plaintiffs cannot prevent their children from being deposed, and then use that lack of availability to offer their own version of the children's testimony – for the truth of the matter – unless an exception to the hearsay rule applies, e.g. Rule 807.

Plaintiffs argue that the exception in Federal Rule of Evidence 807 is applicable. Rule 807 (as amended in 2019) provides:

> **(a) In General.** Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> **(1)** the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; **and**
> **(2)** it is **more probative** on the point for which it is offered than any other evidence that the **proponent** can obtain through **reasonable efforts**.
>
> **(b) Notice.** The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement--including its substance and the declarant's name--so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

Fed. R. Evid. 807 (emphasis added). The 2019 commentary explains that "equivalence analysis" has been eliminated and courts should determine whether the hearsay is supported by guarantees

of trustworthiness. The court must specifically consider corroborating evidence in the trustworthiness enquiry. *Id.* Plaintiffs cite decisions which have admitted child statements made to parents for the truth of the matter in the context of criminal sex-assault cases. *See, e.g., Govt. of Virgin Islands v. Morris*, 191 FRD 82 (D.V.I. 1999); *USA v. Frazier*, 678 F. Supp. 499 (E. D. Pa. 1986).

The court does not reach the trustworthiness inquiry because the proponent of the evidence (i.e., Plaintiffs) failed to meet the second Rule 807(a) prerequisite (i.e., the evidence is more probative than any other evidence that can be obtained by reasonable efforts). There was no evidence presented by Plaintiffs that the children would be unavailable to be deposed or could not be offered as witnesses through reasonable efforts. For instance, if by reason of the children's young age, the child could not remember the pertinent facts or would be traumatized by testifying, there may be a basis for a court to conclude that the child's testimony would not be more probative or that it would be unreasonable to require the child to testify. Under the circumstances presented to the court in this case, the court finds that the testimony of the children about what Williams did or said would be more probative than the recounting by the parents of what the children later told the parents about what Williams did or said. The children's testimony could be obtained by the proponents (Plaintiffs) through reasonable efforts. Obviously, the parents control the availability of their young children and they could have been deposed.

Mrs. Dunn can testify about the entirety of her own conversation with Ms. Williams, which does not implicate the rule against hearsay evidence, i.e., Federal Rule of Evidence 802. The court reserves decision on whether statements made or failures to deny by Ms. Williams during that conversation would constitute adoptive admissions pursuant to Federal Rule of

Evidence 801(d)(2)(B).  The court notes that on each cross-motion for summary judgment, the record must be viewed in the light most favorable to the nonmoving party.

  B.  De facto policy claims

The statements made by the children to their parents do not implicate the merits of the de facto policy claims.  The issues will involve what the policy was, whether each named defendant participated in developing or implementing that policy, and its impact on the parents.  It appears that the children did not interact with any of the defendants named in the de facto policy claims.

Pursuant to Federal Rule of Evidence 801(c)(2), statements not offered to prove the truth may be admitted.  With respect to the de facto policy, the statements of the children are not being offered for the truth of the matter (i.e., what the children saw or heard), but for numerous other reasons (i.e, the parents' state of mind, context, background, effect on the parents, damages, etc.).

The proffered evidence about what the children told their parents can be considered with respect to the de facto policy claims.  *United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) (statements admissible to put the statements of other parties to the conversations "into perspective and make them intelligible to the jury"); *Jane W. v. Thomas*, 560 F. Supp. 3d 855, 877–78 (E.D. Pa. 2021) ("the statements Defendant points to are either not hearsay or admissible because they are offered not for "the truth of the matter asserted" but to show the effect on Plaintiffs and witnesses, a permitted purpose. Fed. R. Evid. 801(c)").

Conclusion

In accordance with the foregoing and as explained on the record on November 14, 2023, the motion in limine (ECF No. 63) will be granted in part and denied in part.  Testimony by the parents about what their children told them will not be admissible to prove the truth of the matter

about what Williams did or said, but will be admissible for other purposes.  The court reserves any decision on admissibility or appropriate limiting instructions at trial.  An appropriate order will be entered.

Dated:  December 21, 2023

                                                      <u>/s/ Joy Flowers Conti</u>
                                                      Joy Flowers Conti
                                                      Senior United States District Judge