IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMILLA TATEL, individually and as parent and natural guardian of her children; STACY DUNN, individually and as parent and natural guardian of her children; and GRETCHEN MELTON, individually and as parent and natural guardian of her children,<br><br>Plaintiffs,<br><br>v.<br><br>MT. LEBANON SCHOOL DISTRICT; MEGAN WILLIAMS; DR. TIMOTHY STEINHAUER; DR. MARYBETH D. IRVIN; BRETT BIELEWICZ; and JACOB W. WYLAND,<br><br>Defendants. | ) | Civil Action No.: 2:22-cv-837<br><br>Judge Joy Flowers Conti |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Mt. Lebanon School District ("District"), Megan Williams ("Williams"), Dr. Timothy Steinhauer (Steinhauer"), Dr. Marybeth D. Irvin ("Irvin"), Brett Bielewicz ("Bielewicz"), and Jacob W. Wyland ("Wyland"), (collectively, "Defendants"), by and through their attorneys, Tucker Arensberg, P.C., submit the following Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1. This action arises from a Mt. Lebanon School District teacher, Megan Williams ("Williams") having read two books addressing the subject of gender identity to her first-grade class while showing video illustrations of the books. The books, *When Aidan Became a Brother* and *Introducing Teddy* were age-appropriate and promoted tolerance and the acceptance of others' transgender identities. Plaintiffs, Carmilla Tatel, Stacy Dunn and Gretchen Melton, each had a child who was assigned to and present within Williams' classroom for one or both of the readings. Plaintiffs assert that these classroom readings, along with statements purportedly made

by Williams, violated their Constitutional rights premised upon an alleged interference with the parental right to control the upbringing and education of their children and Plaintiffs' free exercise of their religion.

2. By Count I of their Complaint, Plaintiffs assert that the actions of Defendants infringed upon a fundamental right to direct their children's upbringing in violation of the Due Process Clause of the Fourteenth Amendment.

3. The elements of a § 1983 Fourteenth Amendment Due Process claim are: (1) defendants acted under the color of law; (2) a protected property or liberty interest was at stake; (3) the defendants had a duty of care toward the plaintiff; and (iv) a deprivation within the meaning of the Due Process Clause occurred. Roberts v. Mentzer, 382 Fed.Appx. 158, 166 (3d Cir. 2010).

4. For the reasons more fully set forth in Defendants' accompanying brief in support of this motion, Defendants are entitled to summary judgment upon Plaintiffs' substantive due process claim because Plaintiffs have not been deprived of a protected liberty interest. In particular: (1) the exposure of Plaintiffs' children to story books and discussion concerning gender identity on March 31, 2022, did not infringe upon a fundamental liberty interest of Plaintiffs; (2) any intrusion upon Plaintiffs' liberty interests was justified by a rational basis; (3) Defendants, Irvin, Steinhauer and Wyland did not have contemporaneous knowledge of Williams' instruction on March 31, 2022; and (4) the District did not adopt a *de facto* policy precluding Plaintiffs from excusing their children from any instruction involving gender identity.

5. By Count II of their Complaint, Plaintiffs assert an alleged infringement of the fundamental right of parents to direct the education, upbringing and the care, custody, and control of their children without adequate procedural due process in violation of the Due Process Clause of the Fourteenth Amendment.

6. The elements of a § 1983 Fourteenth Amendment Procedural Due Process claim are: (1) the plaintiff was deprived of a protected liberty interest; (2) this deprivation was without due process; (3) the defendant subjected the plaintiff to this deprivation; (4) the defendant was

acting under the color of state law; and (5) the plaintiff suffered injury as a result. Sample v. Diecks, 885 F.2d 1099, 1113 (3d Cir. 1989).

7. For the reasons more fully set forth in Defendants' accompanying brief in support of this motion, Defendants are entitled to summary judgment upon Plaintiffs' procedural due process claim because: (1) Plaintiffs were not deprived of a fundamental liberty interest; (2) Defendants have not adopted a *de facto* policy precluding Plaintiffs from opting their children out of instruction, lessons or discussions concerning gender identity; and (3) Plaintiffs did not attempt to exercise their rights under school district policy and state regulations to request that their students be excused from instruction concerning gender identity.

8. By Count III of their Complaint, Plaintiffs assert a violation of their right to familial privacy as protected by the Fourteenth Amendment. Pursuant to Defendants' Motion to Dismiss, Count III of the Complaint was dismissed as to Defendants, Bielewicz, Irvin, Steinhauer, and Wyland, and remains only as to Williams and the District. (ECF # 38).

9. As noted by the Court in its ruling upon Defendants' Motion to Dismiss, the elements of a familial privacy claim are not well defined. (ECF # 38, p. 46). In C.N. v. Ridgewood Board of Education, the court explained that the familial privacy right was construed "to encompass only those instances where state official's actions were: (1) directly aimed at the parent-child relationship"; (2) implicated the "right of the family to remain together"; or (3) "eroded the family's solidarity internally and impaired the family's ability to function." 430 F.3d at 184. In its ruling upon Defendants' Motion for Reconsideration, the Court noted that Plaintiffs' familial privacy claim is not based on Williams' teaching lessons, but rather is premised upon the allegations that Williams encouraged students to believe their parents were wrong about their gender, that Williams "groomed" one child to consider gender transitioning and that Williams told students not to tell their parents about the gender identity discussions.

10. For the reasons more fully set forth in Defendants' accompanying brief in support of this motion, Williams and the District are entitled to summary judgment upon this claim because:

(1) there is no evidence of record that the alleged conduct occurred; (2) there is no evidence of record that the District permitted or acquiesced to such alleged conduct; and (3) the District does not have *respondeat superior* liability for any such actions.

11. By Count IV of their Complaint, Plaintiffs assert a violation of the Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibiting government officials from abridging the right to free exercise of religion.

12. A plaintiff can establish a violation of the First Amendment Free Exercise Clause by showing that a government entity burdened a sincere religious practice pursuant to a policy that is not "neutral" or "generally applicable." A government policy will not qualify as neutral if it: (1) is specifically directed at religious practice; (2) discriminates on its face, or (3) has as its object a religious exercise. A government policy will not be "generally applicable" if it "prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way, or If it provides a mechanism for individualized exemptions." Kennedy v. Bremerton School District, 142 S.Ct. 2407. 2421-22 (2022).

13. For the reasons more fully set forth in Defendants' accompanying brief in support of this motion, Defendants are entitled to summary judgment upon Plaintiffs' claim because: (1) the evidentiary record does not substantiate the allegation that Williams engaged in instruction on gender identity despite Plaintiffs' religious objections; and (2) Defendants did not adopt a *de facto* policy precluding notice, or the opportunity for Plaintiffs or others to opt out their children out of instruction, lessons or discussions concerning gender identity on the basis of their religious beliefs.

14. By Count IV of their Complaint, Plaintiffs alternatively pursue an Equal Protection "class of one" claim asserting that Plaintiffs were treated differently from others similarly situated on account of their religious beliefs and assertion of parental rights.

15. The elements of an Equal Protection "class of one" claim are: (1) a public entity treated the plaintiff differently than others similarly situated; (2) the entity did so intentionally; and (3) there was no rational basis for the difference. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Intentional discrimination is vital to a "class of one" claim for any violation of the Equal Protection Clause. Greco v. Senchak, 627 Fed.Appx. 146, 149 (3d Cir. 2015); Wayte v. United States, 470 U.S. 598, 610, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985) ("[D]iscriminatory purpose" can be shown by demonstrating that "the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects . . . .") (quoting Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 279, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979)). To establish a selective enforcement claim under the Equal Protection Clause, plaintiffs must demonstrate that they were (1) treated differently from other, similarly situated person, and (2) this selective treatment was based on an unjustifiable standard, such as race or religion or some other arbitrary factor or to prevent the exercise of a fundamental right. Harvard v. Cesnalis, 973 F.3d 190, 205 (3d Cir. 2020).

16. For the reasons more fully set forth in Defendants' accompanying brief in support of this motion, Defendants are entitled to summary judgment upon Plaintiffs' "class of one" claim because (1) Defendants were unaware of Plaintiffs' religious beliefs prior to the gender identity lesson on March 31, 2022; (2) Plaintiffs cannot establish that Defendants intentionally treated Plaintiffs differently from others similarly situated on the basis of their assertion of parental rights or religious beliefs; and (3) Defendants did not adopt a *de facto* policy precluding notice, or the opportunity for Plaintiffs or others to opt out their children out of instruction, lessons or discussions concerning gender identity on the basis of their religious beliefs.

17. Count V of Plaintiffs' Complaint, asserting a violation of Plaintiffs' children's right to privacy pursuant to the Due Process Clause of the Fourteenth Amendment was dismissed pursuant to Defendants' Motion to Dismiss. (ECF # 38).

18. By Count VI of their Complaint, Plaintiffs seek, inter alia, a declaratory judgment that Defendants violated 22 Pa.Code § 4.4(d) (erroneously cited in the Complaint as 22 Pa.Code 44.4(d)(4)) by permitting Williams to provide in-class instruction on gender dysphoria and transgender transitioning when the District's published curriculum and related information did not provide for such subjects to be taught in first grade. Plaintiffs also allege that the Defendants violated 22 Pa.Code § 4.4(d) by permitting Williams to provide in-class instruction on gender dysphoria and transgender transitioning and permitting such without providing appropriate notice and opt out rights to parents. [1]

20. For the reasons more fully set forth in Defendants' accompanying brief in support of this motion, Defendants are entitled to summary judgment upon any state law claims presented by Count VI of the Complaint because: (1) Williams instruction on March 31, 2022, was not inconsistent with the District's published curriculum, (2) the District has adopted, maintained and implemented policies consistent with 22 Pa. Code § 4.4(d); (3) Plaintiffs did not request to review any instructional materials as permitted by 22 Pa. Code § 4.4(d) and District Policy IF; (4) prior to March 31, 2022, Plaintiffs did not request to opt-out their children from lessons involving gender identity as permitted by 22 Pa. Code § 4.4(d) and District Policy IF; and (5) Plaintiffs have not exhausted the administrative remedy established by 22 Pa.Code § 4.81 to have the Pennsylvania Secretary of Education investigate and remedy complaints arising from alleged violation of Chapter 4 regulations.

21. If Plaintiffs' federal claims are dismissed, this Court would not have jurisdiction to evaluate the state law claims encompassed within Count VI of the Complaint.

22. For the reasons more fully set forth in Defendants' accompanying brief in support of this motion, summary judgment upon all of Plaintiffs' claims should be entered in favor of the

---

[1] Count VI of the Complaint is brought under the Declaratory Judgment Act which does not provide a standalone basis for federal subject-matter jurisdiction. (ECF #1, ¶¶ 31, 160-163); Allen v. DeBello, 861 F.3d 433, 444 n. 57 (3d Cir. 2017).

individual Defendants (Williams, Bielewicz, Irvin, Steinhauer and Wyland) because they are entitled to qualified immunity.

23. There are no genuine issues of fact material to Plaintiffs' claims, as set forth above, which would preclude the entry of summary judgment in favor of Defendants.

WHEREFORE, Defendants, Mt. Lebanon School District, Megan Williams, Dr. Timothy Steinhauer, Dr. Marybeth D. Irvin, Brett Bielewicz, and Jacob W. Wyland, respectfully request that summary judgment be entered in their favor upon all counts of Plaintiffs' Complaint.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Christopher L. Voltz*
Christopher L. Voltz
PA I.D. #200704
cvoltz@tuckerlaw.com

*/s/ Matthew M. Hoffman*
Matthew M. Hoffman
Pa. I.D. #43949
mhoffman@tuckerlaw.com

*/s/ Thomas P. Peterson*
Thomas P. Peterson
Pa. I.D. #32624
tpeterson@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Counsel for Defendants

Dated: January 12, 2024

**MEET AND CONFER**

I hereby certify that we made a good faith effort to confer with opposing counsel, David Berardinelli, Esquire to resolve the subject matters of Defendants' Motion for Summary Judgment and were unable to reach agreement.

Respectfully submitted,

*/s/ Matthew M. Hoffman*

Matthew M. Hoffman
Pa. I.D. #43949
mhoffman@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January 2024, I have filed electronically the foregoing Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorney(s) of record addressed as follows:

David J. Berardinelli, Esquire
DEFOREST KOSCELNIK & BERARDINELLI
436 Seventh Ave., 30th Fl.
Pittsburgh, PA 15219
Phone: 412-227-3100
Fax: 412-227-3130
Email: berardinelli@deforestlawfirm.com

Respectfully submitted,

*/s/ Matthew M. Hoffman*
Matthew M. Hoffman
Pa. I.D. #43949
mhoffman@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Defendants