UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMILLA TATEL, STACY DUNN, and GRETCHEN MELTON, individually and as parents and natural guardians of their children,<br><br>Plaintiffs,<br><br>v.<br><br>MT. LEBANON SCHOOL DISTRICT, MEGAN WILLIAMS, DR. TIMOTHY STEINHAUER, DR. MARYBETH D. IRVIN, BRETT BIELEWICZ, and JACOB W. WYLAND,<br><br>Defendants. | CIVIL ACTION NO. 2:22-cv-837<br><br>Judge Joy Flowers Conti |

**MOTION AND MEMORANDUM IN SUPPORT FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Lebo Pride respectfully requests leave to file the attached *amicus curiae* brief in support of the Defendants' motion for summary judgment. Lebo Pride is a nonprofit organization dedicated to bringing queer and gender diverse education and visibility to the Mt. Lebanon community. A significant portion of Lebo Pride's community service involves working directly with transgender and gender non-conforming students and their parents, in the Mt. Lebanon School District. As a result, Lebo Pride can offer this Court a valuable perspective on the constitutional claims raised in this case.[1]

---

[1] The parties were provided notice of this motion. Defendants consent to Lebo Pride's filing of an *amicus curiae* brief. Plaintiffs were unable to provide an informed response by the filing deadline.

1

## Argument

Participation as *amicus* at the trial court level "is rather more the exception than the rule," Abu-Jamal v. Price, 1995 WL 722518, at *1 (W.D. Pa. Aug. 25, 1995), and "[t]here are no strict rules governing *amicus curiae* at trial level," Goldberg v. City of Phila., 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994).  Nevertheless, district courts have broad discretion to grant leave to participate as *amicus curiae*.  Waste Mgmt. of Pa., Inc. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa. 1995).

> *Amici* status is typically granted when the following conditions are present: (1) petitioner has a "special interest" in the particular case, see Waste Management of Pa. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa.1995); (2) petitioner's interest is not represented competently or at all in the case, see [Liberty Lincoln v. Ford Marketing Corp.], 149 F.R.D. [65,] 82 [(D.N.J. 1993)]; (3) the proffered information is timely and useful, see Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir.1982); and (4) petitioner is not partial to a particular outcome in the case, see Yip v. Pagano, 606 F.Supp. 1566 (D.N.J.1985), but see Hoptowit, 682 F.2d at 1260 ("there is no rule . . . that *amici* be totally disinterested").

Sciotto v. Marple Newtown Sch. Dist., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999).

At the appellate level,[2] a motion for leave to participate as *amicus curiae* must state "the movant's interest" and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). The motion must be accompanied by the proposed brief. Id.

All of the above factors weigh in favor of granting Lebo Pride's request to file the attached *amicus* brief.  Lebo Pride has a "special interest" in this case that is not currently represented by the parties. Sciotto, 70 F. Supp. 2d at 555.  Lebo Pride is a local nonprofit organization with deep ties to the Mt. Lebanon community, where it focuses its efforts on promoting inclusion, acceptance, and visibility of the LGBTQIA+ community.  Its members are

---

[2] Neither the Federal Rules of Civil Procedure nor this Court's Local Rules address the participation of *amicus curiae*.  Some district courts have looked to the Federal Rules of Appellate Procedure when considering whether to grant leave to participate as *amicus curiae*. See, e.g., U.S. v. Alkaabi, 223 F. Supp. 2d 583, 592 (D.N.J. 2002).

2

students in the District, parents with children in the District, and other community members who are committed to creating a safe and welcoming Mt. Lebanon. Their voices have been absent from the litigation thus far, and their perspectives will provide this Court with valuable insight into the impact this decision will have on students and families in the Mt. Lebanon School District. To that end, Lebo Pride has supplemented its legal argument with affidavits from students, parents, and community members who can place the instant case in its proper context within the community.

The proffered information is timely and useful, as well as desirable and relevant to the disposition of this case. Id.; *see also* Fed. R. App. P. 29(a)(3)(B). Lebo Pride is actively engaged in promoting queer and gender diverse education in the Mt. Lebanon community and is well-versed in the significant benefits of incorporating age-appropriate LGBTQ-inclusive curricula in schools. Its perspective will be useful, desirable, and relevant to this Court's analysis of the constitutional claims raised by Plaintiffs, as well as the compelling state interest served by incorporating LGBTQ-inclusive curriculum into District schools. As a procedural matter, this motion and the attached *amicus* brief are filed well in advance of this Court's March 6, 2024, deadline for the parties to file reply briefs to the motions for summary judgment, allowing ample opportunity for the parties to respond to Lebo Pride's arguments if they so desire. (ECF No. 84).

Finally, while Lebo Pride seeks to file its brief in support of the Defendants' motion for summary judgment, it is not partial to the outcomes suggested by either Plaintiffs or Defendants.[3] Sciotto, 70 F. Supp. 2d at 555. Lebo Pride disputes Plaintiffs' argument that they have a constitutional right to opt their children out of instruction on gender diversity. While the

---

[3] Moreover, Lebo Pride reiterates that "'by the nature of things an *amicus* is not normally impartial.'" U.S. v. Gotti, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) (quoting Strasser v. Dooley, 432 F.2d 567, 569 (1st Cir. 1970)); Hoptowit, 682 F.2d at 1260 ("[T]here is no rule . . . that *amici* be totally disinterested[.]").

3

School District has argued that the court should apply rational basis review to Plaintiffs' substantive due process claims, Lebo Pride takes no position on what level of review is appropriate here; rather Lebo Pride argues that, in the event this Court applies strict scrutiny, the Mt. Lebanon School District has a compelling interest beyond that identified in the District's briefing, namely they have an interest in protecting transgender students from harassment and discrimination, that implementing LGBTQ-inclusive curricula is a narrowly tailored means by which they can achieve this interest, and that an opt-out from this curricula would be inherently discriminatory, increase the stigma and marginalization experienced by transgender students in the District, and undermine the District's compelling state interest in protecting transgender students from harm. Thus, Lebo Pride is not partial to the arguments made by either party, and instead offers the court an alternative legal framework through which it may assess the substantive due process claims raised in this case. Lebo Pride's participation in this case will assist the Court in understanding these issues.

## Conclusion

For the foregoing reasons, Lebo Pride respectfully requests that the Court grant this motion for leave to file the attached *amicus* brief (Exhibit 1). Counsel is available to participate in oral argument if it would further aid the Court's decision-making in this matter.

Dated February 12, 2024

Respectfully submitted,

/s/ *Jacqueline Perlow*  /s/ *Daniel G. Vitek*
Jacqueline Perlow  Daniel G. Vitek
PaID 321594  PaID 209013
jperlow@womenslawproject.org  dvitek@cpjlaw.org

/s/ *Anne Puluka*
Anne Puluka
PaID 322652
apuluka@cjplaw.org

Women's Law Project  Community Justice Project
239 Fourth Avenue, Suite 2108  100 Fifth Avenue, Suite 900
T (412) 281-2892  Pittsburgh, PA 15222
 T (412) 434-6002

Counsel for Lebo Pride

5