IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CARMILLA TATEL, ETC., ET AL.**,    )   CIVIL ACTION NO. **22-837**
    )
       Plaintiffs,    )   JUDGE JOY FLOWERS CONTI
    )
    )
    )
       v.    )
    )
**MT. LEBANON SCHOOL DISTRICT,**    )
**ET AL.,**    )
    )
    )
       Defendants.

## OPINION

### I.  Introduction

This case involves the extent of the constitutional rights of specific parents, Carmilla Tatel, Stacy Dunn and Gretchen Melton (collectively, "plaintiffs"), who allege that a public school permits a teacher to inculcate the teacher's beliefs about transgender topics in first-grade students over the objections of their parents. Discovery in this case closed on July 11, 2023. Cross-motions for summary judgment were filed by plaintiffs and defendants and are fully briefed. Pending before the court is a motion for leave to file an amicus curiae brief (ECF No. 117) filed on February 12, 2024, by Lebo Pride, "a nonprofit organization dedicated to bringing queer and gender diverse education and visibility to the Mt. Lebanon community." (ECF No. 117 at 1). Defendants consent to the amicus brief, but plaintiffs filed a response in opposition to the motion (ECF No. 118).

### II.  Discussion

As Lebo Pride recognizes, participation as amicus at the trial court level is rare and trial courts have broad discretion to grant or deny leave to participate. *Waste Mgmt. of Pa., Inc. v.*

*City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court.").  "Courts in this district routinely deny amicus participation when it is unnecessary, and the interests of the amicus are adequately protected in the case."  *Dobson Mills Apartments, L.P. v. City of Phila.*, No. 21-CV-273, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022) (citations omitted).

Lebo Pride and plaintiffs agree on the four-factor test that district courts use to exercise their broad discretion:

> Amici status is typically granted when the following conditions are present: (1) petitioner has a "special interest" in the particular case, *see Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995); (2) petitioner's interest is not represented competently or at all in the case, *see Liberty Lincoln*, 149 F.R.D. at 82; (3) the proffered information is timely and useful, *see Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); and (4) petitioner is not partial to a particular outcome in the case, *see Yip v. Pagano*, 606 F.Supp. 1566 (D.N.J. 1985), *but see Hoptowit*, 682 F.2d at 1260 ("there is no rule ... that amici be totally disinterested").

*Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999).

Lebo Pride asserts that it has a special interest in the case that is not currently represented by the parties.  Namely, it seeks to supplement its legal argument with affidavits from students, parents and community members about the impact this decision will have on other (nonparty) students and families in the district (ECF No. 117 at 3).  Lebo Pride asserts that: (a) the Mt. Lebanon School District has a compelling interest in protecting transgender students from harassment and discrimination; (b) implementing LGBTQ-inclusive curricula is a narrowly-tailored means to achieve that interest; and (c) an opt-out from that curricula would be inherently discriminatory (ECF No. 117 at 5).

Plaintiffs oppose the filing of an amicus brief and oppose Lebo Pride's effort to inject additional facts by way of affidavits.  Plaintiffs point out that discovery closed eight months ago

and contend that the new facts are not relevant to the issues raised in the summary judgment motions and would be prejudicial by causing the need for additional discovery and further delays. The summary judgment motions involve specific claims asserted by plaintiffs in this case against the remaining defendants. Plaintiffs argue that: (a) a mission-driven advocacy group like Lebo Pride does not have a special interest in those claims; (b) current counsel are competent to advise the court about the facts of record and applicable law; (c) the amicus brief is not timely, helpful or useful (for example, Lebo Pride erroneously refers to Mt. Lebanon's "LGBTQ-inclusive curriculum," although it is undisputed that LGBTQ instruction is not in the first grade curriculum); and (d) Lebo Pride is not impartial.

In *Sciotto*, the court denied a nonparty amicus status in a case involving public school insurance. The court discussed two decisions where a special interest of a nonparty warranted amicus status. For example, the Environmental Protection Agency ("EPA") was granted amicus status in a case in which the EPA's own administrative order was at issue; and amicus status was granted to a leadership group of House members concerned with the historically privileged nature of congressional testimony in a defamation case based on statements made before the United States House of Representatives. *Sciotto*, 70 F. Supp.2d at 555 (discussing *Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995), and *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)). In *Sciotto*, by contrast, the court rejected amicus status for a "mere trade association" of school insurers "with a generalized interest in all cases related to school district liability and insurance" and explained this kind of special interest did not warrant amicus status. *Id.; accord Panzer v. Verde Energy USA, Inc.,* No. CV 19-3598, 2021 WL 2186422, at *2 (E.D. Pa. May 27, 2021) (denying amicus status to public interest law firm whose input was "aimed at the broader societal debate," rather than the specific issue facing the court).

In *Sciotto*, the court concluded that the proposed amicus failed the other factors, as well. The court explained that the interest of the school district in limiting its liability was identical to the interest of the amicus; existing counsel were more than competent to advocate the school defendants' interests; the amicus offered nothing more than a brief in support of the school defendants' position; and the amicus was not unbiased. *Id.* at 555-56. The court observed that the participation of amicus might be better at the appellate level:

> On a more general note, petitioner's potential contributions to the case would come largely at the policy level—as stated in its motion, the Trust will contribute its "unique perspective" on the "significant effect [of this case] on all public school entities and on the insurance marketplace." Motion at ¶ 7. While policy arguments are certainly interesting and perhaps helpful at the appellate level, they are not the currency of a trial court. If policy arguments are to be the Trust's only contribution to this case, then the judicial process is better served if the Trust did not contribute at the district court level.

*Sciotto*, 70 F. Supp.2d at 556. The court concludes that Lebo Pride's request for amicus status in this case is similar to that made in *Sciotto*.

With respect to the first factor, Lebo Pride does not have a "special interest" in the plaintiffs' specific claims.   As this court stated previously, "this case is not about treating all students with kindness, tolerance and respect." (ECF No. 55 at 1).  Lebo Pride is a community organization whose interests appear to be largely at the policy level and involve nonparties.

With respect to the second factor, defendants' interests in defeating plaintiffs' claims are similar to the interests of Lebo Pride.  Defendants' counsel are quite competent to advocate those interests.  The curriculum and policy changes Lebo Pride wants to advocate in its amicus brief are not at issue in this case.

With respect to the third factor, the proffered information is not timely and useful to the court in analyzing the specific claims at issue.  Lebo Pride's belated attempt to inject new facts, about nonparties, more than eight months after the close of discovery is not timely filed because it would necessitate reopening discovery, with its attendant costs and delay, and the need for

further summary judgment briefing.  The proposed information is also not helpful because Lebo

Pride misstates undisputed facts of record.  Lebo Pride's references to Mt. Lebanon's "LGBTQ-

inclusive curriculum" are misleading.  It is undisputed that the District's curriculum does not

refer to teaching the subject of gender identity to elementary students.  (ECF Nos. 94, 114 ¶¶ 8,

40).  Lebo Pride's discussion of the alleged harms resulting from allowing parental notice and

opt out practices is also confusing.  "It is undisputed that the District has a practice of providing

advance parental notice to parents of fifth and eighth grade students concerning instruction on

human development and sexuality and to parents of eleventh grade students concerning

instruction on HIV, sexuality, birth control/contraceptives, and sexually transmitted infections

due to the sexually explicit character of such subjects and provides parents the opportunity to

excuse or 'opt-out' their students from such instruction."  (ECF No. 117 ¶ 15).  In other words,

the proposed amicus brief is not useful because it does not consider the actual factual record in

this case.

With respect to the fourth factor, Lebo Pride is partial to a particular outcome in this case.

In its proposed amicus brief, Lebo Pride is advocating for defendant Mt. Lebanon School District

to adopt a different curriculum and opt out policies, rather than analyzing the legal merits of the

specific claims that are at issue in this case.

In summary, each of the four factors favors the exercise of this court's discretion to

decline the request of Lebo Pride to file an amicus brief and accompanying affidavits.

<u>Conclusion</u>

      In accordance with the foregoing, the motion for leave to file an amicus brief (ECF No.

117) filed by Lebo Pride will be denied.

      An appropriate order will be entered.


Dated: March 7, 2024

                              <u>/s/ Joy Flowers Conti</u>
                              Joy Flowers Conti
                              Senior United States District Judge