IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMILLA TATEL, individually and as parent and natural guardian of her children; STACY DUNN, individually and as parent and natural guardian of her children; and GRETCHEN MELTON, individually and as parent and natural guardian of her children,<br><br>Plaintiffs,<br><br>v.<br><br>MT. LEBANON SCHOOL DISTRICT; MEGAN WILLIAMS; DR. TIMOTHY STEINHAUER; DR. MARYBETH D. IRVIN; BRETT BIELEWICZ AND JACOB W. WYLAND,<br><br>Defendants. | Civil Docket No.: 2:22-cv-837<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO LEBO PRIDE'S MOTION FOR RECONSIDERATION OF THE COURT'S OPINION DENYING LEBO PRIDE'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

The Court was well within its discretion in denying Lebo Pride's Motion and no factual or legal basis, let alone a new one, exists to merit disturbing the Court's decision. The Court is intimately familiar with the appropriate legal standard for reconsideration having previously denied the Defendants' motion requesting that the Court reconsider its decision at the motion to dismiss stage. Doc. 55. Lebo Pride, in substance, gets the standard correct in its new motion: A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law (not asserted here); (2) the availability of new evidence (not asserted here); or (3) the need to correct a clear error of law or fact or prevent manifest injustice (asserted, but not present here). *See* Doc. 55 *citing N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). This standard requires "a legal error so indisputable and fundamental that it [rises] to the level of a manifest error of law." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 313 (3d Cir. 2018). Manifest injustice "is a high burden" and "implies that the Court must be faced with a record so

patently unfair and tainted that the error is manifestly clear to all who view the record[.]" *Black Bear Energy Services, Inc. v. Youngstown Pipe & Steel, LLC*, 2017 WL 2985432, at *6 (W.D. Pa. 2017) (citation omitted). A motion for reconsideration is not to be used to relitigate or "rehash" issues the Court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. *E.g., Nyamekye*, 2018 WL 3933504, at *3 citing *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); *Conway v. A.I. duPont Hosp. for Children*, 2009 WL 1492178, at *2 (E.D. Pa. 2009).

Lebo Pride, in its 17-page request for reconsideration, fails to articulate *any* facts or law – let alone new facts or law – that put it within that standard. Disagreeing with a Court ruling is not a basis for reconsideration. *E.g., Nyamekye*, 2018 WL 3933504, at *3. At its heart, that is really all that Lebo Pride's new motion amounts to. No less than *ten times* Lebo Pride simply (albeit politely by using terms like misconstrue, misunderstand and mischaracterize) tells the Court it was incorrect to deny their prior motion. Moreover, Lebo Pride fails to address, let alone explain, how a court exercising its broad discretion to deny an *amicus* brief could **ever** fit within the applicable "manifest injustice" standard.

The Court's decision to deny Lebo Pride's initial motion was anything but an abuse of discretion, and no new facts or new law are presented in Lebo Pride's new motion. Like the initial motion, the new one should be denied.

Dated: March 15, 2024

By:   /s/ David J. Berardinelli
David J. Berardinelli, PA I.D. No. 79204
DEFOREST KOSCELNIK & BERARDINELLI
436 Seventh Ave., 30th Fl.
Pittsburgh, PA  15219
Phone:  412-227-3100
Email: berardinelli@deforestlawfirm.com

*Counsel for Plaintiffs*