IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARMILLA TATEL, ETC., ET AL.**, | ) CIVIL ACTION NO. **22-837** |
| Plaintiffs, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **MT. LEBANON SCHOOL DISTRICT, ET AL.**, | ) |
| Defendants. | ) |

## OPINION

Pending before the court is a motion for reconsideration (ECF No. 132) filed by Lebo Pride, challenging the court's discretionary decision to decline Lebo Pride's request to participate as amicus curiae (ECF Nos. 130, 131). Plaintiffs filed a response in opposition to the motion for reconsideration (ECF No. 133) and Lebo Pride filed a reply brief (ECF No. 138).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998). Motions for reconsideration should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir.

1995). Lebo Pride seems to assert that the court made a clear error of fact about the nature of the arguments it made in its request to file an amicus brief.

Lebo Pride recognizes, and the court explained in its previous opinion, that participation as amicus at the trial court level is rare and trial courts have broad discretion to grant or deny leave to participate. *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court.").

In its previous opinion, the court explained why none of the four factors set forth in *Sciotto v. Marple Newtown School District*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999), support amicus status for Lebo Pride in this case: (1) Lebo Pride does not have a sufficient "special interest" in the case; rather, it is a nonprofit organization with a "goal of bringing LGBTQ-inclusive education to the Mt. Lebanon community" which accomplishes "this mission through a combination of celebration, outreach and advocacy" (ECF No. 117-1 at 8)[1]; (2) defendants' interests in defeating plaintiffs' claims are similar to the interests of Lebo Pride and existing counsel are quite competent to advocate those interests[2]; (3) the proffered information is not timely and useful to the court in analyzing the specific claims at issue; instead, Lebo Pride's belated attempt to inject new facts, about nonparties, may necessitate reopening discovery, may require the parties to engage experts and would lead to further summary judgment briefing – all causing costs and delay; and (4) Lebo Pride is partial to a particular outcome in this case because

---

[1] *See Panzer v. Verde Energy USA, Inc.,* No. CV 19-3598, 2021 WL 2186422, at *2 (E.D. Pa. May 27, 2021) (denying amicus status to public interest law firm whose input was "aimed at the broader societal debate," rather than the specific issue facing the court).

[2] *See, e.g.,* ECF No. 127 at 17-18 (defendants asserting that parents do not have a right to opt out of instruction); *id.* at 19-20 (defendants asserting that plaintiffs' requested relief "could be hurtful of and marginalize transgender students").

it is advocating for defendant Mt. Lebanon School District (the "District") to adopt a different curriculum and opt out policies. *See* ECF No. 130.

In its motion for reconsideration, Lebo Pride contends that the court "fundamentally misapprehends" its arguments (ECF No. 132 at 1).[3] Lebo Pride explains that it is not making a policy argument that the District should adopt an LGBTQ-inclusive curriculum; rather, it is asserting that plaintiffs do not have a right to opt their children out of an LGBTQ-inclusive curriculum (ECF No. 132 at 2). Lebo Pride characterizes this as "a nuanced, but fundamental distinction." *Id.* In addition, Lebo Pride states that the court seems to ignore the sweeping nature of the relief sought by plaintiffs. *Id.* Lebo Pride also offers to remove the affidavits from its proposed amicus brief to alleviate any need to reopen discovery (ECF No. 132 at 11 n. 2).[4]

While the court appreciates the fervency of Lebo Pride's advocacy, the court did not misapprehend Lebo Pride's argument and did not make a clear error of fact or law. As it summarized in its previous opinion:

> Lebo Pride asserts that: (a) the Mt. Lebanon School District has a compelling interest in protecting transgender students from harassment and discrimination; (b) implementing LGBTQ-inclusive curricula is a narrowly-tailored means to achieve that interest; and (c) an opt-out from that curricula would be inherently discriminatory.

(ECF No. 130 at 2); *see* Lebo Pride's initial brief, ECF No. 117 at 5, 8, 9.

As an undisputed factual matter, there is currently no "LGBTQ-inclusive curriculum" in the District. *See* ECF No. 136 ¶ 8 (the curriculum does not refer to teaching the subject of

---

[3] Lebo Pride refers to the court possibly not understanding the difference between sexuality and gender identity. (ECF No. 138 at 13-14). The court, however, recognized the difference and quoted the terminology set forth in *Doe by & through Doe v. Boyertown Area School District*, 897 F.3d 518, 522 (3d Cir. 2018), in its October 27, 2022 opinion. (ECF No. 38 at 31).

[4] The court need not address how that removal would affect the briefing or need for expert discovery because, in any event, all the other factors weigh against granting permission to file an amicus brief.

gender identity to elementary students, including first graders). The instruction at issue provided by Ms. Williams to her first-grade students was not in the curriculum. Lebo Pride's argument that allowing parental opt outs would undermine a (non-existent) LGBTQ-inclusive curriculum (*see, e.g.*, ECF No. 117-1 at 17), is not tied to the facts of this case.[5] Whether the District has the right to or should implement an LGBTQ-inclusive curriculum is not before this court.

Despite Lebo Pride's protestations to the contrary, a fair and principled reading of its amicus brief discloses that Lebo Pride is advocating adoption of an LGBTQ-inclusive curriculum. Lebo Pride states it has a "goal of bringing LGBTQ-inclusive education to the Mt. Lebanon community." (ECF No. 117-1 at 8). The 13-page proposed amicus brief makes more than 20 references to "LGBTQ-inclusive curriculum," including a section entitled "Adopting an LGBTQ-inclusive curriculum is narrowly tailored to serve the School District's compelling interest of protecting transgender students." (ECF No. 117-1 at 13-15). The proposed amicus brief concludes by asking the court to "recognize that the District has a right to implement an LGBTQ-inclusive curriculum . . . ." ECF No. 117-1 at 20.

The court adheres to its determination, in the exercise of its broad discretion, that under the circumstances of this case and for the reasons set forth in its previous opinion, especially considering that (a) fact discovery has closed, (b) there is no expert discovery sought by the parties, and (c) summary judgment briefing is complete, amicus participation by Lebo Pride will be denied.

---

[5] Lebo Pride asserted: "The Court can recognize that the District has a right to implement an LGBTQ-inclusive curriculum, without opt outs, in order to achieve its compelling interest in protecting transgender students, with the expectation that, moving forward, the District will utilize its standard processes to develop, review, and implement this curriculum." (ECF No. 117-1 at 20).

Conclusion

In accordance with the foregoing, the motion for reconsideration (ECF No. 132) filed by Lebo Pride will be denied.

An appropriate order will be entered.

Dated: April 3, 2024

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge