IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMILLA TATEL, individually and as parent and natural guardian of her children; STACY DUNN, individually and as parent and natural guardian of her children; and GRETCHEN MELTON, individually and as parent and natural guardian of her children.<br><br>　　　Plaintiffs<br><br>　　　　　v.<br><br>MT. LEBANON SCHOOL DISTRICT; MEGAN WILLIAMS; DR. TIMOTHY STEINHAUER; DR. MARYBETH D. IRVIN; BRETT BIELEWICZ and JACOB W. WYLAND.<br><br>　　　Defendants | Civil Docket No.: 2:22-cv-837<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION FOR ENTRY OF CONSENT ORDER AND FINAL JUDGMENT

Plaintiffs Carmilla Tatel ("Tatel"), Stacy Dunn ("Dunn") and Gretchen Melton ("Melton"), individually and as parents and natural guardians of their children (collectively, "Plaintiffs") and Defendants Mt. Lebanon School District (the "District"), Megan Williams ("Williams"), Dr. Timothy Steinhauer (Steinhauer"), Dr. Marybeth Irvin ("Irvin"), Brett Bielewicz ("Bielewicz"), and Jacob W. Wyland ("Wyland"), (collectively, "Defendants"), collectively the "Parties," by their respective undersigned counsel, respectfully ask the Court to enter the attached Consent Order and Final Judgment:

1.　On September 30, 2024, in consideration of the parties' respective motions for summary judgment, the Court entered an Opinion and Order (Docs. 142 and 144) by which (a) judgment was granted in favor of Plaintiffs and against the District, Williams, Steinhauer, Irvin and Bielewicz upon Plaintiffs' claims for Substantive Due Process (Count I) (which subsumed

Plaintiffs' Familial Privacy claim (Count III)) and Procedural Due Process (Count II), (b) judgment was granted in favor of Plaintiffs and against the District, Steinhauer and Irvin upon Plaintiffs' Equal Protection claim (Count IV), (c) judgment was granted in favor of Tatel and Melton and against the District, Williams, Steinhauer, Irvin and Bielewicz upon their Free Exercise claim (Count IV), (d) judgment was entered in favor of Wyland and against Plaintiffs on all claims; (e) judgment was entered in favor of the Defendants and against Dunn on her Free Exercise claim (Count IV), (f) judgment was entered in favor of Defendants and against Plaintiffs on a state law claim (Count VI); (g) declaratory judgment was awarded in favor of Plaintiffs and against the District, Williams and Bielewicz; and (h) nominal damages, in the aggregate amount of $15.00 was awarded to Plaintiffs.

2. Defendants have determined not to appeal any aspect of the Court's Order.

3. Plaintiffs have determined not to appeal any aspect of the Court's order.

4. In order to avoid any further litigation costs and expenses, the Parties have agreed that Plaintiffs' fee and cost recovery in this matter under Rule 54(d) of the Federal Rules of Civil Procedure will be $350,000.

5. The parties agree that the above-stated fee amount and the nominal damages awarded to Plaintiffs should be embodied in an Order and Final Judgment in Plaintiffs favor in the aggregate amount of $350,015.

6. Plaintiffs agree to accept such sum as a full accord and satisfaction of any claims, including for attorneys' fees and costs and, in consideration of the payment of such sum, release and discharge the District, its current and former directors, officers, employees, agents and insurers, Williams, Steinhauer, Irvin, Bielewicz and Wyland from any and all claims, liability, actions, causes of action, suits, lawsuits, rights, debts, damages, costs, losses, expenses, fees,

interest, liens, compensation and/or obligations, arising out of any action or event occurring on or before the date hereof (collectively, "Claims") (a) whether known or unknown, whether or not accrued, whether foreseen or unforeseen, which have been or could have been asserted by or against them in this action or relating to the subject matter of this action, and (b) if not included in this action or relating to the subject matter of this action, any Claims of which any Plaintiff has present knowledge or could have knowledge with reasonable diligence.

7. The full amount of the Final Judgment is to be paid to Plaintiffs' counsel in a manner (*i.e.*, wire transfer, check, etc.) in a manner to be agreed upon by the Parties. This payment is to be made within thirty (30) days of the Court's entry of the Consent Order and Final Judgment.

WHEREFORE, the Parties respectfully request that this Court enter the attached proposed Consent Order and Final Judgment.

Dated: October 30, 2024

Respectfully submitted,

| | |
|---|---|
| s/ David J. Berardinelli | s/ Matthew M. Hoffman |
| David J. Berardinelli, Pa. I.D. # 79204 | Matthew M. Hoffman, Pa. I.D. # 43949 |
| DEFOREST KOSCELNIK & BERARDINELLI | Christopher L. Voltz, Pa. I.D. # 200704 |
| 436 Seventh Ave., 30th Fl. | TUCKER ARENSBERG, P.C. |
| Pittsburgh, PA 15219 | 1500 One PPG Place |
| Phone: 412-227-3100 | Pittsburgh, PA 15222 |
| Fax:    412-227-3130 | Phone: 412-566-1212 |
| Email: berardinelli@deforestlawfirm.com | Email: mhoffman@tuckerlaw.com |
| *Counsel for Plaintiffs* | *Attorney for Defendants* |